**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**STEPHANIE RUFFIN**                                                                  **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.  3:16CV18 DPJ- LRA**

**CAROLYN W.  COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY**           **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Stephanie Ruffin appeals the final decision denying her applications for a period of disability, disability insurance benefits ("DIB"), and social security income ("SSI). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge.  Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that the decision be affirmed.

On October 21, 2011, Ruffin filed applications for SSI and DIB, alleging she became disabled on June 24, 2011, due to bulging discs.[1]  She has a ninth grade education and previous work experience as a certified nurse's aide, pharmacy technician, furniture decal inspector, and informal waitress.  The applications were denied initially and on reconsideration.  She appealed the denial and on September 26, 2014, the Administrative Law Judge rendered an unfavorable decision finding that Plaintiff had not

---

[1]ECF No. 8, pp. 169-75.  At the hearing before the ALJ, Ruffin complained of a myriad of problems including lupus, rheumatoid arthritis and other ailments. ECF No. 8, pp. 42-60.  However, the record offered no evidence of the existence and/or severity of several of these ailments.

established a disability within the meaning of the Social Security Act. Plaintiff now appeals that decision.

Upon reviewing the evidence, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. At step one of the five-step sequential evaluation,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. At steps two and three, the ALJ found that although Plaintiff's obesity, chronic pain syndrome, depression, and anxiety were severe, they did not meet or medically equal any listing. At step four, the ALJ found that Plaintiff could not return to her past relevant work, but had the residual functional capacity to perform sedentary work with the following limitations:

> [S]he can concentrate for at least two-hour periods at a time given simple, one-to-two step instructions. Her interaction with others such as coworkers and supervisors is appropriate as long as the interaction is occasional and on a basic level. She can perform work at a regular pace but not at a rapid pace. She can adjust to ordinary demands but not rapidly changing demands.[3]

Based on vocational expert testimony, the ALJ concluded at step five, that given Plaintiff's age, education, work experience, and residual functional capacity, she could perform work as a food and beverage order clerk, call-out operator, and surveillance system monitor.

---

[2] Under C.F.R. ' 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform?  *See also McQueen v. Apfel*, 168 F.3d 152,154 (5th Cir. 1999).

[3] ECF No. 8, p. 23.

**Standard of Review**

Judicial review in social security appeals is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2) whether the decision comports with relevant legal standards. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). Evidence is substantial if it is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). This Court may not re-weigh the evidence, try the case de novo, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

**Discussion**

Plaintiff contends that the ALJ erred at step five because she (1) relied on the vocational expert's recommendation that she could perform sedentary jobs that have a higher reasoning level than her residual functional capacity, and (2) failed to resolve the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT") in violation of Social Security Ruling 00-4p.

At the fifth step of the sequential evaluation, the Commissioner may take administrative notice of reliable job information available from the DOT, which classifies reasoning levels for specific jobs on a six-point scale. U.S. Dep't of Labor, *Dictionary of*

3

*Occupational Titles*, App. C III (4th ed. 1991), 1991 WL 688702; 20 C.F.R. § 404.1566(d). However, the ALJ is not bound by DOT classifications. The Fifth Circuit has long "recognized that the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) (internal citations omitted). Unlike the DOT, which gives only general descriptions of job duties, a "vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion as to whether the claimant can perform the specific job." *Fields v. Bowen,* 805 F.2d 1168, 1170-71 (5th Cir. 1986). In *Carey*, the Fifth Circuit explained that:

> [W]e agree with the majority of circuits that the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so. . . [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. . . . Adopting a middle ground approach, in which neither the DOT nor the vocational expert testimony is per se controlling, permits a more straightforward approach to the pertinent issue, which is whether there is substantial evidence supporting the Commissioner's determination that this particular person can do this particular job or group of jobs.

230 F.3d at 146-47. Thus, even if the vocational expert testimony differs from the DOT, the testimony may constitute substantial evidence upon which the ALJ can rely to satisfy the Commissioner's burden at the fifth step of the sequential evaluation. *Id.*

In the instant case, Plaintiff argues that that the vocational expert's testimony is insufficient to satisfy the Commissioner's burden at step five. Specifically, Plaintiff asserts that her residual functional capacity limits her to simple, one-to-two step

4

instructions, which requires a Reasoning Level of 1, but the jobs identified by the vocational expert all have a Reasoning Level of 3. A Reasoning Level of 1 requires claimants to "[a]pply commonsense understanding to carry out simple one-or two-step instructions. Deal with standardized situations encountered on the job." DOT Appendix C, 1991 WL 688702. A Reasoning Level of 3 requires employees to "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *Id.* Based on these definitions, Plaintiff submits that only jobs classified as Reasoning Level 1 can correspond with her residual functional capacity limitation to simple, one-to-two step instructions.

The DOT does not specifically preclude someone with plaintiff's residual functional capacity from performing the identified jobs. As stated, Reasoning Level 3 requires an employee, in part, to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form." DOT Appendix C, 1991 WL 688702. The fact that instructions may be furnished in written, oral, or diagrammatic forms, does not preclude them from being simple or involving one-to-two steps. *Pete v. Astrue*, Civil Action No. 08-774, 2009 WL 3648453, at *5 (W.D. La. Nov. 3, 2009). Nor is a claimant with such limitations necessarily precluded from dealing with problems in standardized situations with several variables like monitoring a surveillance system.

As other courts have found, "there is no 'neat, one-to-one parallel' that exists between the SSA's classifications regarding RFC's and the DOT's definitions of

Reasoning Levels.  While the DOT's six-point scale is 'graduated, measured and finely tuned,' the SSA offers only two categories: 'short and simple' and 'detailed or complex' instructions." *Hann v. Colvin*, Case No. 12-CV-06234-JCS, 2014 WL 1382063, at *16 (N.D. Cal. Mar. 28, 2014) (quoting *Meissl v. Barnhart*, 403 F. Supp. 981, 982 (C.D. Cal. 2005); *see also* 20 C.F.R. § 416.969a(c)(1)(iii); 20 C.F.R. part 404, subpart P, Appendix 1, Listing 12.00C (3) DOT at 1010–11).  Thus, exclusive reliance on the DOT is misplaced, as it merely outlines the "maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-4p, 2000 WL 1898704, at *2-3.  And, Plaintiff fails to cite any authority to support her assertion that the entire range of Reasoning Level 3 jobs cannot be performed by a person with her residual functional capacity limitations.  *See Webb v. Astrue,* Civil Action No. 4:08-CV-747-Y, 2010 WL 1644898, at *12 n. 3 (N.D. Tex. Mar. 2, 2010) (report and recommendation adopted, 2010 WL 1644697 (N.D. Tex. Apr. 22, 2010)) ("A job as a city bus driver that requires a [Reasoning Level] of three is not necessarily inconsistent with [a residual functional capacity] that includes only the ability to perform simple, routine work tasks."); *Dugas v. Astrue*, No. 1:07–CV–605, 2009 WL 1780121, at *6 (E.D. Tex. June 22, 2009) ("A limitation of performing 1–2 step instructions in a simple, routine work environment does not necessarily preclude the ability to perform jobs with reasoning levels of 2 or 3.") (internal citations omitted).

    The Court also rejects Plaintiff's secondary argument that the ALJ's failure to ask the vocational expert about conflicts between her testimony and the DOT in compliance

with Social Security Ruling 00-4p warrants remand in this case.  SSR 00-4p places an affirmative duty on the ALJ to inquire into and obtain an explanation for possible conflicts between the vocational expert testimony and the DOT.  SSR 00-4p, 2000 WL 1898704; *Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636 at * 1 n.1 (5th Cir. June 6, 2008).  However, the error is harmless when no actual conflict exits.  *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (citing *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007)) (Reasoning Level 3 not inconsistent with limitation to "non-complex" work and ALJ's failure to ask vocational expert if his testimony conflicted with the DOT was harmless because no such conflict existed).  While it is quite possible that some jobs requiring level 3 reasoning may conflict with Plaintiff's limitations, the undersigned finds no obvious, direct conflict between the claimant's residual functional capacity and the jobs identified.

     To the extent there are indirect conflicts, "the ALJ may rely upon the vocational expert provided that the record reflects an adequate basis for doing so."  *Carey,* 230 F.3d at 146.  Here, the ALJ gave great weight to the opinions of the consulting examiner and state agency physician, who noted that Plaintiff had "extensive work experience" and "demonstrated an ability to follow directions and sustain tasks (cognitively)."  Despite finding that her limitations cause moderate difficulties in maintaining concentration and pace, the agency physician opined that Plaintiff was capable of understanding and carrying out instructions; maintaining attention and concentration adequately for two-hour periods; completing a normal workweek without excessive interruptions from

psychological symptoms; relating appropriately to coworkers on a limited basis; and, adapting to a job setting.[4]  Plaintiff does not contest the ALJ's decision to assign these opinions great weight.  Nor does she challenge the ALJ's findings at any other step of the evaluation.

Rather, Plaintiff claims that the Court should find that she was prejudiced because it is not inconceivable that the vocational expert would have eliminated the identified jobs, had the ALJ complied with SSR 00-4p.  "It is not enough to argue that the case should be remanded because 'maybe next time' the VE and the ALJ will agree that occupations with a Reasoning Development Level 3 are inconsistent with Plaintiff's [residual functional capacity]."  *Bushak v. Colvin*, Civil Action No. M-13-462, 2015 WL 12533097, at * 9 (S.D. Tex., Mar. 2, 2015) (report and recommendation adopted, 2015 WL 12533098 (S.D. Tex. Mar. 20, 2015)) (citation omitted) (noting that such an argument "is more descriptive of Plaintiff's theory of the alleged conflict that it is of actual prejudice").  Plaintiff must show that her substantive rights were affected by the error.  *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).  Although the ALJ did not obtain an SSR 00-4p explanation for the alleged discrepancy, procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision."  *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).  The ALJ's reliance on the vocational expert's experience

---

[4] ECF No. 8, pp. 554-78.

8

and expertise that Plaintiff can perform jobs requiring Reasoning Level 3 subject to the limitations of her residual functional capacity is supported by the record.

Further, an ALJ may rely on a vocational expert's testimony if the hypothetical question reasonably incorporates all of the claimant's disabilities that were recognized by the ALJ, and "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions. . . ." *Bowling*, 36 F.3d at 436. In this case, the ALJ presented a hypothetical that contained all the non-exertional limitations that were supported by the record: simple one-to-two step instructions, occasional interaction with coworkers and supervisors on a basic level, and regular pace work with adjustment to ordinary, but not rapidly changing demands. In response, the vocational expert testified that a claimant with these limitations could perform the identified jobs. Plaintiff's counsel did not question the vocational expert about conflicts, or challenge her testimony in any other way. "Claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Carey*, 230 F.3d at 145–147. The ALJ was entitled to rely on the vocational expert's unchallenged testimony. *Id*.

For all the above reasons, it is the opinion of the undersigned United States Magistrate Judge that Plaintiff's motion be denied; that Defendant's Motion for Order

Affirming the Commissioner be granted; that Plaintiff's appeal be dismissed with prejudice; and, that Final Judgment in favor of the Commissioner be entered.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED on December 29, 2016.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE