UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHANIE RUFFIN                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:16cv18-DPJ-FKB

CAROLYN COLVIN, Acting Commissioner                                DEFENDANT
of Social Security

ORDER

This appeal from the final decision of the Social Security Administration denying

Plaintiff Stephanie Ruffin's applications for a period of disability, disability insurance benefits,

and social-security income is before the Court on the Report and Recommendation [14] of

United States Magistrate Judge Linda R. Anderson.  Judge Anderson recommended that the

Court deny Ruffin's Motion for Summary Judgment [9], grant Defendant's Motion to Affirm

[11], dismiss Ruffin's appeal with prejudice, and enter final judgment in favor of Defendant.

Ruffin timely filed Objections [15] to the Report and Recommendation, and Defendant filed a

Notice [16] indicating that she did not intend to respond to the Objections.  For the reasons that

follow, the Court adopts the Report and Recommendation.[1]

Ruffin takes issue with Judge Anderson's resolution of the two related points that form

the basis of her appeal:  that the Administrative Law Judge ("ALJ") generally failed to establish

the existence of work Ruffin can perform, and that the ALJ specifically failed to resolve a

conflict between the testimony of the Vocational Expert ("VE") on that point and the Department

_____

[1] Judge Anderson provides a detailed, accurate description of the general law that applies
to social-security claims and the standards on appeal.  This Order skips most of that and focuses
instead on those aspects of the Report and Recommendation that drew objections.

of Labor's Dictionary of Occupational Titles ("DOT"). Because the latter argument premises the

former, the Court focuses on the alleged conflict.

The ALJ assessed Ruffin's residual functional capacity ("RFC") as follows:

the undersigned finds that the claimant has the residual functional capacity to
perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); she
can concentrate for at least two-hour periods at a time *given simple, one- to two-step instruction.* Her interaction with others such as coworkers and supervisors is
appropriate as long as the interaction is occasional and on a basic level. She can
perform work at a regular pace but not at a rapid pace. She can adjust to ordinary
demands but not rapidly changing demands.

Admin. R. [8] at 23 (emphasis added). And during the hearing, the ALJ gave the VE a

hypothetical consistent with that finding. *See id.* at 65. From this, the VE testified that Ruffin

could perform three available occupations: food- and beverage-order clerk, call-out operator,

and surveillance-system monitor. *Id.* at 65−66.

Ruffin contends that the VE's testimony conflicts with the DOT assessment for these

three occupations. The DOT "comprise[s] a comprehensive listing of job titles in the United

States, along with detailed descriptions of requirements for each job, including assessments of

exertional levels and reasoning abilities necessary for satisfactory performance of those jobs."

*Gaspard v. Soc. Sec. Admin., Comm'r*, 609 F. Supp. 2d 607, 612 (E.D. Tex. 2009). "The DOT

classifies every listed job as requiring a reasoning ability level from 1 to 6." *Id.* at 614. The

reasoning-ability level is one part of the General Educational Development score, which

"embraces those aspects of education (formal and informal) which are required of the worker for

satisfactory job performance." DOT, App. C, 1991 WL 688702 (4th ed. 1991).

In this case, the three positions the VE identified all require a Reasoning Level of three,

which calls for a worker to be able to "[a]pply commonsense understanding to carry out

instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems

involving several concrete variables in or from standardized situations." *Id.* But as Ruffin notes,

2

the ALJ found that she could comply with only "simple, one- to two-step instruction."  Admin.

R. [8] at 23.  Ruffin sees this as an apparent, direct conflict that the ALJ was required to resolve

under Social Security Policy Interpretation Ruling ("SSR") 00-4P, 2000 WL 1898704, at *2.[2]

---

[2] The relevant provisions of the policy state:

    PURPOSE: . . . [T]his ruling emphasizes that before relying on VE or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, and [e]xplain in the determination or decision how any conflict that has been identified was resolved.

    . . . .

    Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT.  *When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence* to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

    Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

    . . . .

    The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings.  A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT.

    . . . .

    When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about *any possible conflict* between that VE or VS evidence and information provided in the

She further argues that the error resulting from the ALJ's failure to address the conflict was not harmless and therefore requires remand.

Ruffin's SSR 00-4P argument is correct to a point.  SSR 00-4P states that "[w]hen a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about *any possible conflict*."  2000 WL 1898704, at *4 (emphasis added); *see also Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (holding under SSR 00-4P that an ALJ must inquire into "any possible conflict" between the VE conclusions and DOT).  In this case, the VE testified about requirements, *see* Admin. R. [8] at 65–66, so the ALJ erred by failing to ask whether conflicts existed.

This "procedural" error must be considered under a harmless-error standard.  *Graves*, 837 F.3d at 593.  Thus, the Court "will not reverse the decision of [the] ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure."  *Id.* at 592–93 (quoting *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (quotation marks omitted)).

The issues become more difficult at this point.  Ruffin believes she has shown sufficient prejudice because, according to her, the VE's opinion directly conflicts with the DOT.  And

---

DOT.  In these situations, the adjudicator will:  Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and [i]f the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled.  The adjudicator will explain in the determination or decision how he or she resolved the conflict.  The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

*Id.* at *1–4 (emphasis added).

4

*Graves v. Colvin* at least suggests that such a conflict would produce prejudice.  For starters, some—but not all—of the cases *Graves* cites for the harmless-error standard would find that a conflict establishes prejudice.  *See id.* at 593 n.2 (citing *Poppa v. Astrue*, 569 F.3d 1167, 1174 (10th Cir. 2009) ("Because there were no conflicts between the VE's testimony and the DOT's job descriptions, the ALJ's error in not inquiring about potential conflicts was harmless."); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) ("Terry is correct that the ALJ did not ask the VE if his testimony conflicted with the DOT.  However, the error is harmless unless there actually was a conflict.") (additional citations omitted)).

And consistent with those cases, *Graves* did examine the evidence to see whether a conflict existed.  *See id.* at 593.  Finding none, the court concluded that substantial evidence supported the ALJ's decision, and the opinion ends there.  *Id.*  Based on its reading of *Graves*, this Court assumes that an actual conflict between the VE's testimony and the DOT as to the alternative occupations she identified would constitute prejudice.  *See Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (finding failure to follow SSR 00-4P harmless where there was no conflict as to some of the positions VE identified); *see also DeLeon v. Barnhart*, 174 F. App'x 201, 203 (5th Cir. 2006) (finding no conflict and holding, "Therefore, there was substantial evidence to support the Commissioner's finding . . .").[3]

---

[3] If a direct conflict is not sufficient prejudice, then Ruffin has not made an adequate showing.  Ruffin contends that "*if* the VE had been of the opinion that the cited reasoning level 3 jobs were in conflict with a restriction to simple one and two step instructions, then all three jobs relied upon by the ALJ at Step 5 would be eliminated."  Pl.'s Obj. [15] at 5 (emphasis added).  This argument is at best speculative, especially when viewed in light of the accurate hypothetical the ALJ posed to the VE.  *See Graves*, 837 F. 3d at 593 (citing *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error.  A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet this burden." (footnote omitted))); *see also Carey*, 230 F.3d at 142 ("To establish prejudice, a

The question then becomes whether Ruffin has shown a conflict in this case. *See Shinseki v. Sanders*, 556 U.S. 396, 409 ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."), *cited in Graves*, 837 F.3d at 593 n.2. As previously noted, the ALJ determined that Ruffin could perform work with "*simple*, one- to two-step instruction." Admin. R. [8] at 23 (emphasis added). She then found, based on the VE's testimony, that Ruffin could perform three alternative jobs that carry a DOT Reasoning Level of three. *Id.* at 28−29.

"[N]umerous district and appellate courts have addressed whether a Reasoning Level of 3 conflicts with a limitation to simple, repetitive and routine tasks. There is a split of authority among those courts." *Johnson v. Astrue*, No. 11-3030, 2012 WL 5472418, at *11 (E.D. La. Oct. 5, 2012), *report & recommendation approved*, 2012 WL 5472303 (E.D. La. Nov. 9, 2012) (collecting cases). But the majority of federal district courts have concluded "that 'a job requiring level-three reasoning does not necessarily conflict with an RFC limited to simple and unskilled work.'" *Thompson v. Astrue*, No. 10-11742-JLT, 2012 WL 787367, at *10 (D. Mass. Feb. 17, 2012) (quoting *Auger v. Astrue*, 792 F. Supp. 2d 92, 96–97 (D. Mass. 2011)), *report & recommendation adopted*, 2012 WL 787363 (D. Mass. Mar. 8, 2012).

This Court agrees that an RFC limited to simple work or tasks is not necessarily inconsistent with level-three reasoning. *See Johnson*, 2012 WL 5472418, at *13 (examining *Welch v. Astrue,* No. 1:11-CV-384-GZS, 2012 WL 3113148, at *5 (D. Me. July 11, 2012), *report & recommendation adopted*, 2012 WL 3113144 (D. Me. July 31, 2012)); *see also Riddle v.*

---

claimant must demonstrate that he or she 'could and would have adduced evidence that might have altered the result.'").

*Colvin*, No. 1:12-cv-787-WC, 2013 WL 6772419, at *6 (M.D. Ala. Dec. 20, 2013) ("Most courts which have addressed this issue have held that the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks." (quoting *Hurtado v. Astrue*, No. 09-60930-CIV, 2010 WL 650261, at *11 (S.D. Fla. Apr. 14, 2010) (additional citations omitted))).

But Ruffin's case is a bit murkier because the ALJ did not limit Ruffin to simple work or tasks, but instead described her limitations as involving "simple, one- to two-step instruction." Admin. R. [8] at 23.  There is some common-sense correlation between simple tasks and simple instructions.  But fewer cases have examined alleged conflicts between DOT level-three reasoning and a limitation to work involving one- to two-step instructions.  Again the results are mixed.  *Compare Hooks v. Astrue*, No. CA 11-00243-C, 2012 WL 1207163, at *4 (S.D. Ala. Apr. 11, 2012) (noting split of authority but finding conflict between RFC limiting plaintiff to work involving one, two, or three step instructions and DOT Reasoning Level three), *Whitney v. Astrue*, No. 3:10-CV-01403-HU, 2012 WL 712985, at *5 (D. Or. Mar. 1, 2012) (finding conflict between RFC limit of simple one- to two-step instructions and DOT Reasoning Level three), *with Lofton v. Colvin*, No. 3:13CV528 JBA, 2015 WL 2367692, at *27 (D. Conn. May 13, 2015) (holding that "a restriction of simple tasks or instructions is consistent with both Reasoning Level Two and Three positions"), *Arend v. Astrue*, No. 8:11-CV-771-T-DNF, 2012 WL 3264909, at *6 (M.D. Fla. Aug. 10, 2012) (finding no conflict); *Dugas v. Astrue,* No. 1:07-CV-605, 2009 WL 1780121, at *6 (E.D. Tex. June 22, 2009) ("A limitation of performing 1–2 step instructions in a simple, routine work environment does not necessarily preclude the ability to perform jobs with reasoning levels of 2 or 3."); *Gaspard v. Soc. Sec. Admin.*, 609 F. Supp. 2d 607, 617 (E.D. Tex. 2009) (holding "jobs requiring reasoning level 2 or higher" are not in direct conflict with limitation to "simple one or two-step tasks on a repetitive basis").

These cases aside, Ruffin correctly observes that the DOT describes level-one reasoning as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions."  DOT, App. C, 1991 WL 688702 (4th ed. 1991).  On the other hand, DOT Reasoning Level three makes no reference to one- or two-step instructions, stating instead that such employees "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form," and "[d]eal with problems involving several concrete variables in or from standardized situations."  *Id.*  Ruffin therefore says that a direct conflict exists.  *See* Pl.'s Obj. [15] at 3.

The problem is that the Reasoning Levels and the RFC are not neatly aligned.  As SSR 00-4P states, "The DOT lists *maximum* requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings.  A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT."  SSR 00-4P, 2000 WL 1898704, at *3 (emphasis added); *see also Haas v. Barnhart*, 91 F. App'x 942, 947–48 (5th Cir. 2004) (rejecting proposed conflict with other DOT classifications and noting that DOT "lists the *maximum* requirements for a position" (quoting SSR 00-4P, 2000 WL 1898704, at *3)).  So while the top of DOL Reasoning Level three might arguably surpass an RFC that limits work to tasks involving one- to two-step instructions, it is not apparent that such limitations exclude the range that Reasoning Level three addresses.

Nevertheless, Ruffin contends that a "trend" exists in this district to remand based on similar conflicts.  Pl.'s Obj. [15] at 4.  She bases this argument on the following two 2012 cases that ended in remand:  Report & Recommendation, *Jefferson v. Astrue*, No. 2:12cv5-KS-MTP (S.D. Miss. Jan. 29, 2013), ECF No. 15, *adopted by* Order, *Jefferson v. Astrue*, No. 2:12cv5-KS-

MTP (S.D. Miss. Mar. 22, 2013), ECF No. 16 and *Lloyd v. Astrue*, No. 1:11CV263-LG-RHW, 2012 WL 3685967, at \*4 (S.D. Miss. June 21, 2012), *report & recommendation adopted*, 2012 WL 3655463 (S.D. Miss. Aug. 24, 2012).

*Lloyd* seems like a closer fit.  There, like here, the ALJ did not follow SSR 00-4P when the RFC limited the plaintiff to one- to two-step instructions yet the alternative occupations carried DOT Reasoning Level three.  But the court in *Lloyd* stopped short of saying that an actual conflict existed, stating instead that there "appear[s] to be an unexplained inconsistency." *Id.* at \*4.  The court then remanded for "further development." *Id.  Jefferson* relied on *Lloyd*, and both relied on *Prochaska v. Barnhart,* where the Seventh Circuit remanded for the ALJ's failure to follow SSR 00-4P because the court could not tell whether a conflict existed.  *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006).  While the courts in *Lloyd* and *Jefferson* faithfully followed *Prochaska*, they did not have the benefit of *Graves*, where the Fifth Circuit adopted the harmless-error standard and noted that a plaintiff has the burden of showing that the error was harmful. *Graves*, 837 F.3d at 593 n.2 (citation omitted).  Finally, neither *Lloyd* nor *Jefferson* are binding.  Accordingly, the Court agrees with the Report and Recommendation that there is no direct or obvious conflict. *See* Report and Recommendation [14] at 7.

All of this leads to the final issue—whether Ruffin waived this argument by failing to raise it before the ALJ. *See id.* at 9.  In *Carey v. Apfel*, the Fifth Circuit noted that

> claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

230 F.3d at 146–47. *Carey* was decided just before SSR 00-4P became official policy.  But the Fifth Circuit has since applied *Carey* despite arguments based on SSR 00-4P. *See, e.g., Barratt*

*v. Astrue*, No. 07-51067, 2008 WL 2325636, at *2 (5th Cir. June 6, 2008).  And as recently observed in *Graves*, *Carey* has not been overruled.  *Graves*, 837 F.3d at 593 n.1.

As courts have frequently noted, *Carey* examined three types of conflicts that can arise from VE testimony.  The first two are more direct:  (1) when the VE testifies "that a particular job requires a particular exertional or skill level, [but] the DOT expressly provides that the job requires a different exertional level"; and (2) "when the [VE]'s testimony places the ALJ's finding with respect to the claimant's [RFC] or the claimant's specific impairments in conflict with the exertional or skill level or the specific skills required for the identified jobs in the DOT."  *Carey*, 230 F.3d at 144 n.2.  The present case falls under the second category, which *Carey* describes as "less obvious" in nature.  *Id.* at 146.

But the facts in *Carey* did not fall under either of these two categories.  *Id.*  Although Carey lost an arm in an accident, the VE identified alternative occupations for which the DOT required "some ability to finger and handle things."  *Id.*  Noting that the DOT did not require "bilateral fingering ability and dexterity," the Fifth Circuit saw no conflict.  *Id.*  But even assuming "any implied or indirect conflict," the court found no fault in relying on the VE when an indirect conflict exists.  *Id.*  The court then offered an alternative holding:  "Moreover, claimants should not be permitted to scan the record for implied or unexplained conflicts . . . and then present [those] conflict[s] as reversible error," having failed to raise them before the hearing officer.  *Id.* at 146−47.

It is not entirely clear how broadly a court should construe *Carey*.  As noted, the court expressly stated that the facts did not fit the two categories of conflicts it identified—"direct" and "less obvious."  *Id.*  And that has led some courts to limit the bar on after-asserted arguments to implied or indirect conflicts like those in *Carey*.  *See Dunn v. Colvin*, No. 4:12-CV-496-Y, 2013

WL 4756377, at *5 n.3 (N.D. Tex. Sept. 4, 2013) (finding no waiver related to "less obvious" conflict when VE testifies that plaintiff can perform jobs in conflict with DOT); *Romine v. Barnhart*, 454 F. Supp. 2d 623, 631 (E.D. Tex. 2006) (remanding for failure to explore conflict under SSR 00-4P) (citing *Prochaska*, 454 F.3d at 735–36).  Other courts say the bar does not apply to "direct and obvious conflicts."  *See, e.g.*, *Bartlett v. Colvin*, No. 3:14-CV-1595-BN, 2015 WL 4041848, at *5 (N.D. Tex. July 2, 2015).

It appears, however, that the Fifth Circuit has painted with a broader brush.  For example, in the unreported decision in *Barratt v. Astrue*, the alleged conflict would have fallen under *Carey*'s first category of direct conflicts because the VE's testimony regarding job requirements allegedly conflicted with the DOT.  *See Barratt*, 2008 WL 2325636; *Carey*, 230 F.3d at 144 n.2.  Yet the court found that the plaintiff waived the conflict.  *Barratt*, 2008 WL 2325636, at *2 (citing *Carey*, 230 F.3d at 146–47).  The court then rejected the argument that reversal was required because the ALJ failed to comply with SSR 00-4P, viewing it as a "procedural impropriet[y]" that did not "cast into doubt the existence of substantial evidence to support the ALJ's decision."  *Id.* at *2 n.1.

Similarly, in *Haas v. Barnhart*, the plaintiff claimed that the VE's testimony regarding exertional levels conflicted with the DOT.  91 F. App'x 942, 947 (5th Cir. 2004).  This would have been a direct conflict under *Carey*.  Nevertheless, the *Haas* court explained that waiver is still an issue:

> While we noted [in *Carey*] that a VE's erroneous classification of the exertional level or skills required to perform a particular job could call into question the probative value and reliability of such testimony, we also made it clear that "[c]laimants should not be permitted to scan the record for implied or unexplained conflicts" . . . .

*Id.* at 947–48 (quoting *Carey*, 230 F.3d at 146–47).

These decisions are not outliers.  *See Pineda v. Astrue*, 289 F. App'x 710, 714 (5th Cir. 2008) (refusing to consider argument that "at least some of the jobs that roughly correspond to those identified by the [VE] are described in the DOT as exceeding her exertional level" because plaintiff did not question VE during hearing) (citing *Carey*, 230 F.3d at 146–47); *Bryant v. Astrue*, 272 F. App'x 352, 356–57 (5th Cir. 2008) (holding that plaintiff waived conflict between VE's description of job requirements and DOT by failing to cross-examine VE) (citing *Carey*, 230 F.3d at 146–47); *White v. Astrue*, 240 F. App'x 632, 634 (5th Cir. 2007) (explaining that reliance on VE testimony, "which White did *not* challenge through cross-examination, was elicited by hypothetical questions incorporating the RFC determination," so "such reliance was proper") (citing *Carey*, 230 F.3d at 146–47) (additional citation omitted); *Harvey v. Astrue*, 228 F. App'x 390, 392 (5th Cir. 2007) (refusing to hear argument that some positions VE identified had DOT exertional requirements above plaintiff's abilities because plaintiff failed to raise issue during hearing) (citing *Carey*, 230 F.3d at 146–47); *see also Gheen v. Colvin*, No. 3:12CV806-CWR-FKB, 2014 WL 12540509, at *5–6 (S.D. Miss. Feb. 18, 2014) (alternatively holding that plaintiff waived conflict between RFC of simple work involving one- to two-step instructions and alternative occupations with Reasoning Levels of two and three) (citing *Carey*, 230 F.3d at 146–47), *report & recommendation adopted*, 2014 WL 12540543 (S.D. Miss. Mar. 31, 2014).[4]

---

[4] As with other issues in this case, courts have offered a variety of constructions regarding SSR 00-4P and waiver.  For example, the Seventh Circuit addressed a similar issue in *Terry v. Astrue*, holding:

> Moreover, to the extent that there was a conflict, SSR 00-4p requires the ALJ to obtain an explanation only when the conflict between the DOT and the VE's testimony is "apparent."  Because Terry did not identify any conflict at the hearing, she would have to show that the conflict was obvious enough that the ALJ should have picked up on it without any assistance.

580 F.3d at 478 (internal citation and quotation marks omitted, punctuation altered); *see also Windham v. Colvin*, No. 3:14CV250TSL-JCG, 2015 WL 5224398, at *1, *7 (S.D. Miss. Sept. 8,

Although the available authority is not binding, the Court gives greater weight to the unpublished opinions from the Fifth Circuit.  Regardless, given the considerable uncertainty whether the VE's testimony in this case actually conflicted with the DOT, the Court concludes that this purported "unexplained" conflict does not require remand because Ruffin failed to raise it before the hearing officer.  *See Carey*, 230 F.3d at 142; *see also Sasich v. Colvin*, No. CV 15-461-JWD-RLB, 2016 WL 7826808, at *5–6 (M.D. La. Nov. 14, 2016) (holding that alleged conflict between simple tasks and level-three reasoning was "indirect or implicit, at best" and not "direct or apparent"), *report & recommendation adopted*, 2017 WL 188133 (M.D. La. Jan. 17, 2017); *Zapata v. Colvin*, No. 4:13-CV-340-Y, 2014 WL 4354243, at *11 (N.D. Tex. Sept. 2, 2014) (finding waiver and holding that "even assuming there was a conflict between the VE's testimony and the information contained in the DOT and/or SCO, such a conflict is not a direct or obvious conflict; instead, it would be an implied or indirect conflict"); *Johnson*, 2012 WL 5472418, at *13, *15 (noting that because the conflict between simple work and DOT Reasoning Level three was not an "apparent conflict," SSR 00-4P does not apply, and plaintiff "cannot challenge in this court any implied or indirect conflict that she failed to raise at the hearing"); *Abel v. Astrue*, No. 3:09CV327-TSL-FKB, 2011 WL 1099890, at *7 (S.D. Miss. Mar. 2, 2011) (finding waiver and noting that "[w]hile certainly an argument can be made that the ability to perform only simple, repetitive tasks is inconsistent with Level 3 reasoning, the two are not in obvious, direct conflict"), *report & recommendation adopted*, 2011 WL 1044155 (S.D. Miss. Mar. 22, 2011).  Accordingly, the Court agrees with Magistrate Judge Anderson that the

2015) (adopting report and recommendation that "it remains questionable that a conflict was 'apparent' [under SSR 00-4P] because Windham failed to raise the issue").
.

purported conflict was waived and that substantial evidence otherwise supports the ALJ's decision.[5]

It is therefore ordered that the Report and Recommendation [14] of United States Magistrate Judge Linda R. Anderson is adopted as the opinion of the Court.  Ruffin's Motion for Summary Judgment [9] is denied; Defendant's Motion to Affirm [11] is granted; the decision of the Social Security Administration is affirmed; and this appeal is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 8th day of February, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[5] Researching social-security law can be frustrating given the technical nature of the system, the large number of non-binding cases, and the lack of consistency among them.  In this case, the Court readily acknowledges that there are decisions supporting both sides of the main arguments.  Accordingly, Ruffin may wish to appeal whether a conflict exists in this context and whether it can be waived under *Carey*.  While the Court has concluded that Judge Anderson's recommendation should be accepted on these issues, reasonable minds can and have differed, yet the Fifth Circuit has not had an opportunity to resolve the issues.